UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEATIUS JESSE GOULDMAN,

        Movant,

                                          File No. 1:16-CV-1394

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

**O P I N I O N**

This matter is before the Court on Movant Cleatius Jesse Gouldman's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons set forth herein, the motion will be denied.

**I.**

In 2014, Movant pleaded guilty to receipt of child pornography. At his plea hearing, Movant acknowledged that he obtained child pornography using Ares peer-to-peer file sharing software. When determining the applicable range of sentence under the Sentencing Guidelines, the Court enhanced his offense level by two levels under § 2G2.2(b)(3)(F) of the Guidelines, which at the time provided for an enhancement if the offense involved "Distribution." According to the applicable commentary, "distribution" was defined as "any act, including possession with intent to distribute, production, transmission, advertisement,

and transportation, related to the transfer of material involving the sexual exploitation of a minor." Application Note 1 to U.S.S.G. § 2G2.2 (2014).

Before sentencing, the Government requested a five-level enhancement under § 2G2.2(b)(3)(B), which required distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain[.]" U.S.S.G. § 2G2.2(b)(3)(B) (2014). The Government argued that Movant had distributed images of child pornography by using the Ares file-sharing software, and that he had done so in exchange for other images. In his objections, Movant argued that the two-level enhancement in § 2G2.2(b)(3)(F) should apply because Movant merely maintained a computer with a fire-sharing program, and this should not be considered trading a picture in exchange for a thing of value. (Objections, ECF No. 43, *United States v. Gouldman*, No. 1:13-cr-211 (W.D. Mich.).) The Court granted Movant's objection and applied the two-level enhancement because the only reason images of child pornography were distributed from Movant's computer was the fact that he used a file-sharing program to obtain them in the first place.

On November 1, 2016, the Sentencing Commission revised § 2G2.2(b)(3)(F); it now requires that the defendant "knowingly engaged in distribution[.]" An application note to the revised guideline defines "knowingly engaged in distribution," in part, as "knowingly committed the distribution," or "aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution[.]" The Commission made this change in order to resolve a circuit split about what mental state is required for distribution, an issue which often arises in cases involving a file-sharing program or network. *See* Amendments to the Sentencing

Guidelines 11 (Apr. 28, 2016), available at http://www.ussc.gov/sites/default/files/pdf/ amendment-process/reader-friendly-amendments/20160428_RF.pdf (accessed December 12, 2016). Some circuits have held that no particular mental state is required, whereas other courts of appeal have held that, at the very least, knowledge of the file-sharing properties of the software is required. *See id.* at 11. The Sixth Circuit has held that this knowledge can be presumed or inferred from the use of a file-sharing program. *See United States v. Conner*, 521 F. App'x 493, 499 (6th Cir. 2013) (noting a "presumption" that "users of file-sharing software understand others can access their files"); *United States v. Abbring*, 788 F.3d 565, 567 (6th Cir. 2015) (noting that "the whole point of a file-sharing program is to share, sharing creates a transfer, and transferring equals distribution"). But the Sentencing Commission was concerned that there are different types of file-sharing programs, with different properties and different settings for sharing files. *See* Amendments to the Sentencing Guidelines, at 11. Some programs require affirmative action by the user to share files, whereas others require affirmative action to avoid sharing files. *Id.* Presumably, in some cases, the defendant might not be aware that the software can share files with others.

Movant raises several claims in connection with the application of this enhancement to his sentence. First, he contends that the new requirement in the Guidelines for a "knowing" distribution is a clarifying amendment that entitles him to a retroactive reduction in his sentence. Next, he claims that he was deprived of various constitutional rights because: (1) there was insufficient evidence of intent which would support the application of the enhancement; and (2) the guideline enhancement relating to the distribution of child

3

pornography was unconstitutionally vague.

## II.

To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal quotations omitted).

Rule 4 of the Rules Governing Section 2255 Proceedings permits the Court dismiss the motion if it "plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" In this case, the motion and records of the criminal proceedings conclusively show that Movant is not entitled to relief.

pornography was unconstitutionally vague.

## II.

To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal quotations omitted).

Rule 4 of the Rules Governing Section 2255 Proceedings permits the Court dismiss the motion if it "plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" In this case, the motion and records of the criminal proceedings conclusively show that Movant is not entitled to relief.

### III.

**A. Clarifying Amendment**

Movant's first claim is that the amendment to § 2G2.2 should be applied retroactively because it is a clarifying amendment. The Sixth Circuit has held that, in some instances, relief may be available under § 2255 based on subsequent amendments clarifying the Sentencing Guidelines. *See Jones v. United States*, 161 F.3d 397, 402 (6th Cir. 1998), *opinion amended and superseded in part by*, *Jones v. United States*, 178 F.3d 790 (6th Cir. 1999); *Clemons v. United States*, 102 F. App'x 933 (6th Cir. 2004). However, relief is available only if the amendment is a clarifying amendment and not a substantive change. "An amendment is clarifying if it 'changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant.'" *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007) (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)). In determining whether an amendment is a clarification or a substantive change, courts should consider: "'(1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and (3) whether the amendment resolves an ambiguity in the original wording of the guideline." *Id.* (quoting *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004)).

Applying the foregoing analysis, the Court finds that the change to § 2G2.2(b) is not a clarifying amendment. First, the Sentencing Commission did not expressly describe it as such. It did not indicate that the amendment clarifies or provides guidance regarding the

application of § 2G2.2. Instead, the Commission adopted the approach of *some* of the courts of appeal and limited the scope of § 2G2.2(B)(3)(F) based on its determination that "the 2-level distribution enhancement is appropriate *only* in cases in which the defendant knowingly engaged in distribution." Amendments to the Sentencing Guidelines, at 11 (emphasis added). Second, the amendment changed the language of the guideline rather than the commentary. Third, the amendment did not resolve an ambiguity in the wording of the guideline; rather, it added an express mens rea requirement where there was none before. Thus, the amendment is a substantive change, not a clarifying one. Consequently, Petitioner is not entitled to apply this amendment retroactively to his sentence.[1]

### B. Constitutional Claims

Next, Petitioner claims that his constitutional rights were violated when the Court applied the two-level enhancement for distribution of child pornography. These claims are meritless and barred.

#### 1. Merits

Movant claims that he was deprived of due process because the Court's application of the enhancement was based on insufficient evidence of intent to distribute child pornography. As the Sixth Circuit has explained, however, the Guidelines did not require a specific intent to distribute; rather, a knowledge standard is implied. *United States v. Conner*, 521 F. App'x 493, 499 (6th Cir. 2013). Moreover, knowledge of distribution can be inferred

---

[1] The Guidelines themselves do not indicate that the November 1, 2016 amendments are to be given retroactive effect.

from the use of file-sharing software. *Id.* at 500 ("'[T]he purpose of a file sharing program is to share, in other words, to distribute,' and knowing use of such a program qualifies as conduct that 'involve[s] . . . distribution.'") (quoting *United States v. Dodd*, 598 F.3d 449, 451-53 (8th Cir. 2010)); *accord United States v. Walters*, 775 F.3d 778, 785-85 (6th Cir. 2015) ("We have repeatedly found that subsection (F) is appropriately applied in cases where a defendant distributed child pornography through use of peer-to-peer software."); *United States v. Gerick*, 568 F. App'x 405, 412 (6th Cir. 2014). The Ares software used by Movant "permits users to download and view files stored on other users' computers in their shared folders." *United States v. Abbring*, 788 F.3d 565, 566 (6th Cir. 2015). A file may not be removed from the share folder while it is being downloaded. Use of such software is sufficient to infer knowledge of distribution. *Id.* at 567-68. Thus, Movant's claim that there was insufficient evidence to support the enhancement is meritless.

    Movant also claims that the enhancement is unconstitutionally vague. The Due Process Clause of the Fifth Amendment "prohibits the enforcement of overly vague criminal laws. The Supreme Court has explained that the government 'violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *United States v. Pawlak*, 822 F.3d 902, 904 (6th Cir. 2016) (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015)). Only recently, in *Pawlak*, did the Sixth Circuit recognize that the Guidelines are subject to vagueness challenges.

    The version of § 2G2.2(b)(3)(F) that was applied to Movant's sentence was not

unconstitutionally vague. It gave fair notice of the conduct that it punished, and it did not invite arbitrary enforcement. Broadly speaking, it applied to an offense involving "any act . . . related to the transfer of material involving the sexual exploitation of a minor." Application Note 1 to § 2G2.2 (2014). The Sixth Circuit has had no trouble applying this provision in a consistent manner to circumstances like those in Movant's case. The fact that some courts of appeal have disagreed about the appropriate mens rea requirement when the use of file-sharing programs is at issue does not mean that the guideline is unconstitutionally vague.

        2. Waiver

    In his plea agreement, Movant expressly waived the right to challenge his sentence via a motion under § 2255, except a challenge that goes to the validity of the waiver. (Plea Agreement, ECF No. 23, *United States v. Gouldman*, 1:13-cr-211 (W.D. Mich.).) At his plea hearing, this waiver was explained to Movant and he acknowledged that he understood it. (Plea Hr'g Tr. 27-28, ECF No. 36, *Gouldman*, 1:13-cr-211.) He also affirmed that his plea was a voluntary one. (*Id.* at 30.) "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). A movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *Id.* In this case, Movant does not assert any

defect with respect to his plea or the waiver. This waiver applies to all of the constitutional defects claimed by Movant in his sentence and the sentencing proceedings, including the alleged lack of sufficient evidence to support the enhancement and the alleged vagueness in the Guidelines.

### 3. Statute of Limitations

Even if they had not been waived, Movant's constitutional claims would be barred by the statute of limitations. The applicable limitation period runs from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f).

In this case, as in most cases, the one-year statute of limitations runs from the date on which the judgment of conviction became final. Where, as here, a defendant pursues a direct appeal but does not petition the United States Supreme Court for a writ of certiorari, the judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13

Supreme Court Rules. Rule 13(3) specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" In this case, the Court of Appeals' disposition of Movant's appeal issued on May 1, 2015. Consequently, the statute of limitations started to run 90 days from that date, on July 30, 2015. Thus, Movant had one year from that date, until July 30, 2016, to file his motion. He filed on December 5, 2016, after the limitations period expired.

Movant contends that his motion is timely due to recent Supreme Court cases construing the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). For instance, Movant cites *Mathis v. United States*, 126 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). 28 U.S.C. § 2255(f)(3) starts the statute of limitations on the "date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id.* The foregoing cases are not helpful for Movant. They do not involve the Guidelines at all, and they certainly did not recognize a new right with respect to § 2G2.2 of the Guidelines. Thus, the limitations period in § 2255(f)(3) does not apply.

In the title of his motion, Movant cites § 2255(f)(4), which starts the statute of limitations on the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The facts underlying Movant's constitutional claims were available to him at the time he was sentenced. Thus, § 2255(f)(4) does not support a later date for starting the limitations period.

Finally, Movant does not allege equitable tolling or any other basis for extending the limitations period or obtaining an exception thereto. Thus, on its face, the motion is untimely.

## IV.

For the reasons stated herein, Movant's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 must be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. The Court does not believe that a reasonable jurist would disagree with the Court's conclusion that Movant's claims are meritless or are barred by the waiver in the plea agreement and the statute of limitations. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.

Dated: December 15, 2016                   /s/ Robert Holmes Bell
                                                                            ROBERT HOLMES BELL
                                                                            UNITED STATES DISTRICT JUDGE